**Louis J. NOTHAUS, Joeanne M. Nothaus and Louis A. Nothaus, Plaintiffs-Appellants,**

v.

**CITY OF SALEM, Missouri, Defendant-Respondent.**

No. 10738.

Missouri Court of Appeals, Southern District.

July 23, 1979.

Albert A. Crump, Jr., Williams & Smallwood, Rolla, for plaintiffs-appellants.

J. Max Price, Salem, for defendant-respondent.

PER CURIAM.

Plaintiffs are residents of and defendant is a fourth class city located in Dent County, Missouri. Defendant proposed to construct and operate a sanitary landfill in a rural area outside of the city limits of defendant. The site chosen was in the vicinity of plaintiffs' homes. Plaintiffs filed suit in circuit court, requesting equitable relief in the form of a permanent injunction, alleging that the operation of the landfill would constitute a nuisance causing irreparable damage to plaintiffs. They asked that defendant be enjoined from constructing and operating the landfill. At trial, predictably, the evidence was conflicting. Plaintiffs' evidence was largely speculative and conclusionary and consisted of mere apprehension of future injury or damage. After trial, the court entered judgment denying the relief requested. Findings of fact and conclusions of law in support of the judgment were filed. Plaintiffs appeal.

Plaintiffs list three assignments of error, which are that the trial court erred in: 1) erroneously applying an incorrect burden of proof standard to plaintiffs' cause of action, 2) erroneously applying the law by refusing to admit into evidence certain photographs and testimony concerning operation of other landfills, and 3) there was no substantial evidence to support the trial court's finding, and in particular its finding of fact no. 5, that "[t]he landfill is intended primarily for the use of the City of Salem and its residents, however, other municipalities and government entities as well as Dent County rural residents, may use the landfill." It would serve no useful purpose to detail all of the evidence, and findings of fact and conclusions of law of the court. Only the attacked findings, and the evidence necessary to disposition of the assignments of error will be recited.

### The Burden of Proof Standard

On appellate review of trial court judgments in suits of equitable nature, the judgment of the trial court will be sustained unless: 1) there is no substantial evidence to support it, 2) it is against the weight of the evidence, and 3) the trial court erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). Plaintiffs concede that *Murphy* is the proper yardstick to be used in measuring the trial court's judgment, but argues that the trial court committed prejudicial error by using an improper standard of proof in concluding that plaintiffs had not established by competent evidence that they were entitled to injunctive relief. The trial court's conclusion of law no. 1 was: "The proposed creation of this sanitary landfill has not been shown to necessarily result as a practical certainty in the creation of a nuisance. The standard is set out in *Appelbaum v. St. Louis County*, (Mo. banc) 451 S.W.2d 107." Plaintiffs argue that this conclusion is an erroneous declaration of law, in that the burden of proof standard set out in *Appelbaum* has been modified by the decision of *Lee v. Rolla Speedway, Incorporated*, 494 S.W.2d 349 (Mo.1973), that the *Lee* standard of proof should have been used by the trial court here, and that failure to do so constituted reversible error. We disagree.

*Appelbaum* was strikingly similar to the present case on the facts. Plaintiffs, who were residents of St. Louis County, sought to enjoin the construction of a landfill by the county near their property. The trial court denied the claim for relief. In upholding the action of the trial court, the Supreme Court held that mere apprehension of future injury or damage cannot be the basis for the injunctive writ.

The opinion quoted with approval a portion of the opinion of *Kelly v. City of Philadelphia*, 382 Pa. 459, 115 A.2d 238, 241 (1955), to the effect that a nuisance must necessarily result from the contemplated act, and that the injury that plaintiffs fear "must be actually threatened, not merely anticipated; it must be practically certain, not merely probable," in order for injunctive relief to be granted.

In *Appelbaum*, as here, the facility had not been constructed at time of trial, the evidence was conflicting, and defendant's evidence indicated that the operation of the landfill would be nuisance-free. Deference was given to the trial court's judgment in resolving the issue of whether the evidence supported the trial court's conclusion that plaintiffs had not proved that future injury or damage would inure to them if the landfill was constructed.

In *Lee v. Rolla Speedway, Incorporated, supra,* 494 S.W.2d at 354, plaintiffs who were persons living in the vicinity of a proposed automobile racetrack, sought to enjoin its construction. The trial court denied injunctive relief. In reversing the judgment the appellate court said that the trial court was in error in using as its burden of proof standard the thesis that plaintiffs, in order to establish their right to injunctive relief, must prove "clearly and conclusively" that the alleged future injury would be "inevitable and undoubted," which standard was pronounced and approved in *Aufderheide v. Polar Wave Ice & Fuel Co.,* 319 Mo. 337, 4 S.W.2d 776, 785 (banc 1928). The court in *Lee* correctly pointed out that where (as here) the contemplated act of defendant may or may not constitute a nuisance dependent on the manner in which the facility was operated, the *Aufderheide* standard was the correct one. They further said that in *Lee,* where plaintiffs' claim was based on a proven and admitted fact, that excessive noise levels *would* result from the operation of the automobile racetrack, the strict burden of proof standard of *Aufderheide* should not apply, but that the matter should have been considered by the trial judge in the light of whether the evidence of excessive noise demonstrated a reasonable likelihood that the operation of the racetrack would produce such an invasion of the rights of neighborhood land owners to the extent that would justify injunctive relief. The court, in *Lee,* made no mention of the *Appelbaum* decision, and there was no reason for them to do so. The *Lee* doctrine is only applicable where admitted or proven harm to a few must be weighed against the benefit to society as a whole by the proposed project. Such is not the case here. There is no evidence of proven or admitted harm in this case, but only conjectural evidence as to what might happen if the landfill is not operated properly. *Lee* does not modify or overrule *Appelbaum.* The trial court applied the proper standard of proof under the facts of other cases. The assignment of error is denied.

### The Evidentiary Issue

Plaintiffs next contend that the trial court erred in erroneously applying the law by refusing to admit into evidence certain photographs of a landfill operation in Phelps County depicting conditions that could be considered as evidence of an existing nuisance at that location, and also refused to admit into evidence testimony concerning personal observation of nuisance abuses occurring at that location. Plaintiffs sought introduction of such evidence on the ground of "similarity" between the Phelps County landfill operation and the proposed landfill to be operated by defendant. The evidence was properly refused. There was no proper foundation laid for the introduction of the evidence in question, and we do not see how logically there could be, as improper operation of the Phelps

County landfill could not, under any circumstances, be proof that defendant's landfill would be improperly operated after its construction. The cases cited by plaintiffs as alleged support for their argument on this issue are not in point and, therefore, need not be discussed here. The trial court was correct in refusing to admit into evidence the photographs and testimony in question. The assignment of error is denied.

### The Substantial Evidence Issue

We have carefully reviewed the entire record and hold that there was substantial evidence to support the trial court's judgment, including its finding of fact that "[t]he landfill is intended primarily for the use of the City of Salem and its residents, however, other municipalities and government entities as well as Dent County rural residents, may use the landfill." While we fail to see how this specific finding of fact could possibly be of harm to plaintiffs, or be considered as prejudicial error, it was amply supported by the evidence. The pleadings, answers to interrogatories, and exhibits conclusively established that the defendant would be the owner operator and primary user of the landfill, and that other users would be the City of Licking, Montauk State Park, the U.S. Forest Service, and rural residents of Dent County. The assignment of error is denied.

We hold that the judgment of the trial court was supported by substantial evidence, was not against the weight of the evidence, and that the trial court correctly declared and applied the law in arriving at its judgment.

The judgment is affirmed.

All concur.